[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12613
Non-Argument Calendar
_____

D. C. Docket No. 2:11-cr-00099-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL CARTER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 30, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Earl Carter Jr. appeals his sentence of 60 months' incarceration and 10 years' supervised release after he pled guilty to the failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  Carter contends that both the 60-month term of imprisonment and the 10-year term of supervised release imposed by the district court were procedurally and substantively unreasonable.

*Procedural Reasonableness*

Carter contends the sentence was procedurally unreasonable because the court failed to:  (1) first consider an upward departure under U.S.S.G. § 4A1.3(a), before applying a variance, and (2) provide adequate findings for appellate review.  Both of these arguments fail.

First, Carter relies on an unpublished, non-binding, subsequently abrogated decision of the Fourth Circuit for his claim that the district court should have first considered an upward departure under U.S.S.G. § 4A.13(a)(1), before imposing an upward variance.  In *United States v. Diosdado-Star*, 630 F.3d 359 (4th Cir.), *cert.denied*, 131 S. Ct. 2946 (2011), the Fourth Circuit acknowledged that the Supreme Court decisions in *Gall v. United States*, 552 U.S. 38 (2007), and *Rita v. United States*, 551 U.S. 338 (2007), overruled the language from their earlier opinions that an upward departure must be considered before a variance is applied.  *Diosdado-Star*, 630 F.3d at 363-64.  Declining to consider a departure before

2

imposing an upward variance did not render Carter's sentence procedurally unreasonable.

Second, the district court adequately explained its reasons for deviating from the Guidelines. The district court discussed Carter's lengthy criminal history, dating back to 1991, and stated that in the court's opinion Carter was a "violent and dangerous person." The court also noted that it appeared Carter had fled Mississippi in order to avoid arrest and had knowingly failed to register as a sex offender once he arrived in Florida. Carter contends this explanation is inadequate to allow for appellate review because the district court did not discuss the degree to which each of the stated factors impacted the sentencing decision. However, the sentencing court is not required to discuss each of the § 3553(a) factors or even to state on the record that it has explicitly considered each of the factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Therefore, the district court did not abuse its discretion by discussing these factors without specifically stating how each individual fact impacted the decision to impose a variance. *See Gall*, 552 U.S. at 47, 51 (explaining the reasonableness of a sentence is reviewed under a deferential abuse of discretion standard and rejecting a rule imposing a rigid mathematical formula for determining the justifications required for a specific sentence).

3

*Substantive Reasonableness*

Next, Carter contends the sentence was substantively unreasonable because (1) the court unjustifiably relied on the factors in U.S.C. § 3553(a)(2) and failed to consider other pertinent § 3553(a) factors, and (2) the sentence is too lengthy. These arguments are also meritless.

The district court considered all of the factors in § 3553(a)[1] and discussed particular aspects of Carter's case that merited an upward variance.  The court then imposed a sentence that, while above the applicable Guidelines range, was well within the statutory maximum penalty of 10 years' incarceration and lifetime supervised release.  *See* 18 U.S.C. §§ 2250(a), 3583(k).  While Carter argues the sentence is unreasonable because it "unjustifiably" relies on § 3553(a)(2) and fails to consider other pertinent factors, he provides no information as to other pertinent factors the court should have considered.

Finally, Carter argues the sentence is substantively unreasonable because it is too lengthy.  Because the sentence was supported by the § 3553(a) factors and

---

[1] The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

4

was well below the statutory maximum term, the court did not commit a clear error in judgment and did not abuse its discretion.  *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (explaining we will vacate a sentence as unreasonable only if we are left with the firm conviction "the district court committed a clear error in judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case"); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating that the sentence imposed is below the statutory maximum is a factor to consider in determining its reasonableness).  Accordingly, we affirm Carter's sentence as reasonable.

**AFFIRMED.**

5